# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| SHANE NICHOLS, | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-cv-00187-CDL-MSH |
| ATTORNEY GENERAL STATE OF GEORGIA, *et al.*, | : |
| Defendants. | : |

## **ORDER**

Plaintiff Shane Nichols submitted a letter which the Clerk of Court docketed as a civil rights complaint brought under 28 U.S.C. § 1983. Letter 1, ECF No. 1. In the letter, Plaintiff states that he has a case currently pending before the Supreme Court of Georgia, and he would like to "move forward with special assistance" in anticipation of his case being denied. *Id.* The letter contains no further information concerning the nature of the action Plaintiff contemplates filing, but a query of the Supreme Court of Georgia's "computerized docketing system" online database reveals that Plaintiff has a pending certificate of probable cause to appeal from the denial of his state court habeas petition. *See Nichols v. Emmons, Warden*, S18H1461 (Ga. docketed June 21, 2018).

Magistrate Judge M. Stephen Hyles construed Plaintiff's letter as a motion to appoint counsel to represent Plaintiff in an application for writ of habeas corpus Plaintiff anticipates filing should he receive an unfavorable decision from the Supreme Court of

Georgia. Order 1, ECF No. 5. On October 25, 2018, the Magistrate Judge denied Plaintiff's construed motion to appoint counsel and directed Plaintiff to complete and return the Court's standard § 2254 habeas application. *Id*. at 1-2. The Magistrate Judge provided Plaintiff twenty-one (21) days to respond and advised Plaintiff that failure to to do so would result in the dismissal of this action. *Id*. at 2-3.

As of today's date, the twenty-one (21) day deadline for Plaintiff to file his petition has now elapsed without response from Plaintiff, and it does not appear that Plaintiff wishes to pursue his habeas petition at this time. Furthermore, there are no issues or controversies currently before the Court as Plaintiff has raised no grounds for relief. As such, dismissal will have no discernable impact on Plaintiff, and he may file his petition in the appropriate court when he has exhausted his state court remedies. The instant action is, therefore, **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED** this **9th** day of **January, 2019.**

_S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA